FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1/27/2025
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
DENVER DIVISION**

| | |
|---|---|
| ROBINSON, CHRISTINE A, Equitable Legal and Equitable Owner, §§§§ | Civil Action No: |
| | 1:25-cv-00142-RTG |
| Plaintiff, §§ | |
| v. § | **NON-NEGOTIABLE** |
| § | SPECIAL DEPOSIT |
| COLORADO SPRINGS UTILITIES, §§ | |
| an enterprise of City of Colorado Springs, § | Trial by Jury demanded. |
| § | Speedy trial demanded. |
| Defendant. §§ | Injunctive relief is demanded. |

**PLAINTIFF'S OBJECTION TO ORDER DIRECTING PLAINTIFF TO CURE
DEFICIENCIES (ECF No. 3)**

Plaintiff ROBINSON, CHRISTINE A, by and through her representative[1] and heir,

OBJECTS to Magistrate Judge Richard T. Gurley's Order Directing Plaintiff to Cure

Deficiencies for the following:

**I. Background**

On October 2, 2024, plaintiff filed her first suit[2] against Defendant Colorado Springs

Utilities ("CSU") in this Court, *Christine A. Robinson v. Colorado Springs Utilities*, Case No.

1:24-cv-02734-CNS-MDB ("first case"), with District Judge Charlotte Sweeney and Magistrate

Judge Maritza Dominguez Braswell presiding. In plaintiff's first case, plaintiff witnessed first

hand how this court used color of law to dismiss her equitable claims against Defendant CSU.

---

[1] See Exhibit 21: Durable Power of Attorney-Certified Copy (ECF No. 1)
[2] See *Robinson v. Colorado Springs Utilities*, Civil Action No. 1:24-cv-02734-CNS-MDB, filed in this Court against Defendant Colorado Springs Utilities. This case contained many inconsistencies and erroneous rulings from the judge and magistrate judge to protect Defendant CSU from filing an answer or response to plaintiff's complaint, and from filing a Disclosure Statement (F.R.C.P. Rule 7.1). Plaintiff was deprived of her right to amend her complaint, her right to discovery, and her right to a hearing. Although a conference was scheduled in the case, District Judge Sweeney dismissed the case six days before the conference.

On January 7, 2025, District Judge Sweeney acted outside the scope of her authority by

dismissing plaintiff's case against the Defendant CSU for lack of subject-matter jurisdiction,

although plaintiff pointed out clearly that, "The district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.

Code § 1331. The first case marks plaintiff's first hand knowledge and experience with rampant

corruption in this Court. Judge Sweeney dismissed the first case, by denying plaintiff her

constitutional right to due process of law. While employing "wide latitude", Judge Sweeney

went as far as to order all of plaintiff's motions as "moot".[3]

Since that first case, the actors of this court adopted new local rules, meant to

discriminate against litigants without an attorney and, systematically violate their constitutional

rights.

## II. Magistrate Judge Gurley's Order causes unnecessary delay, in violation of Amend. VI.

Magistrate Judge Gurley's Order wrongfully accuses plaintiff's Bill of Complaint of

having deficiencies. ECF No. 3. Plaintiff's Bill of Complaint ("complaint") adheres to the

Federal Rules of Civil Procedure. Plaintiff's complaint has all the necessary components of

making her claim—statement about jurisdiction, allegations, evidence, and relief sought.

Judge Gurley's Order includes an erroneous list of reasons for denial of plaintiff's

complaint. Magistrate Judge Gurley's order states that the plaintiff's complaint "is not on proper

form (must use one of the District of Colorado's current form complaints)" and "other: Plaintiff

must submit a single, fully completed Complaint on the court-approved form as one document

that contains all claims and allegations". See ECF No. 3.

---

[3] Due to the plaintiff's first case being dismissed so quickly, and due to Defendant CSU's threat
of discontinuing plaintiff's utility services in mid-winter, plaintiff filed this case against
Defendant CSU to hinder them from disconnecting plaintiff's utilities, and claim her interest as
the equity security holder.

Magistrate Judge Gurley's Order is burdensome and causes unnecessary delay in the judicial process. There is no local rule stating that one must fully complete "Complaint on the court-approved form as one document that contains all claims and allegations." This order is erroneous and based solely under color of law to deprive plaintiff of her right to due process.

Why does the plaintiff need to reiterate all of her allegations on a "court-approved" complaint form when her complaint includes all necessary elements and reuirements? Plaintiff challenges Magistrate Judge Gurley's Order and alleges that his order violates plaintiff's procedural and substantive rights, and Amendment VI of the Constitution of the United States.

## III. Magistrate Judge Gurley's Order is based upon Local Rule 8.1, which is unconstitutional.

Magistrate Judge Gurley's Order is founded upon newly revised D.C.COLO.LCivR 8.1 ("Local Rule 8.1") which states,

> (a) Review of Pro Se and In Forma Pauperis Party Pleadings. A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. The designated judicial officer may use the assistance of the Pro Se Division in making the determination. A judicial officer may request additional facts or documentary evidence necessary to make this determination. The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial officer shall issue an order directing service of the order and the pleadings on the defendant(s) or respondent(s). A party who seeks leave to proceed without prepayment of filing fees shall use the procedures, forms, and instructions available on the court's website or from the office of the clerk.

Local Rule 8.1 was "Submitted by magistrate judge. Suggestion to extend initial review to cases wherein pro se party pays a filing fee." See Exhibit 22: Online copy of USDC District of Colorado PROPOSED REVISIONS FOR THE 2024 LOCAL RULES CYCLE.

Local Rule 8.1 originally was created to give the court power to review pleadings of parties who were allowed to "proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily." The revised Local Rule 8.1 was created to give the court the power to review pleadings of "pro se" parties, or more accurately, litigants without state-licensed attorneys, to determine whether their claims should be dismissed.

The First Amendment of the Constitution of the United States (U.S. Const.) gives the people the right of "freedom of speech" and the right "to petition the Government for a redress of grievances." Local Rule 8.1 seeks to attack the First, Fifth, Sixth, Seventh, and Fourteenth Amendments by giving the "judiciary" sole power to initially dismiss a "pro se" litigant's case subjectively, without substantial justification. Local Rule 8.1 is undeniably unconstitutional as it tramples on the people's constitutional right to due process of law.

The Federal Rules of Civil Procedure govern this court. FRCP Rule 1 Scope and Purpose states,

> "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

The FRCP derived from the Constitution of the United States and must be in conformity with the U.S. Const. in order to protect the procedural and substantive rights of the people to receive justice in the inferior[4] United States district courts. Local Rule 8.1 expands the scope of the Federal Rules of Civil Procedure and the U.S. Const., and is notwithstanding.

---

[4] Article III Section 1 of the U.S. Const. states that, "the judicial Power of the United States, shall be vested in one supreme Court and in such inferior Courts as the Congress may from time to time ordain and establish." Therefore, the United States district courts are inferior to the U.S. Supreme Court.

Local Rule 8.1 transforms a judicial officer into a dictator and a subjective judge, jury, and executioner. Local Rule 8.1 gives a judicial officer "wide latitude" to make a determination based on his/her opinions. Judicial officers are subject to their oath and to the canon laws, but Local Rule 8.1 turns a judicial officer into strictly a commissioner, for revenue-generating purposes only.

Local Rule 8.1 was engineered by this Court to prematurely dismiss actions against high profile Defendants or corporators. Local Rule 8.1 deprives litigants, without a lawyer, of substantive and procedural rights. Local Rule 8.1 deprives litigants, without a lawyer, of due process rights and constitutionally protected rights. Local Rule 8.1 acts as a deterrent to discourage litigants without an attorney from bringing claims against donors and contractors of the court. Local Rule 8.1 obstructs justice and impartiality and deprives "pro se" litigants of rights guaranteed under the U.S. Constitution.

Local Rule 8.1 was not ratified by Congress, but was implemented by officials masquerading as lawful Government. Local Rule 8.1 allows the court "wide latitude" to deprive the people of their rights under color of law, without oversight and at will. Local Rule 8.1 is used as a weapon pointed at "pro se" litigants to prematurely dismiss their cases based on erroneous reasons and for the protection of corporate and private interests. Local Rule 8.1 encourages this Court to accept pleadings from state-licensed attorneys and randomly classify all "pro se" litigants' pleadings for review, while looking for reasons to deny and dismiss their claims. The court uses Local rule 8.1 as a means to discriminate between claims from a litigant without an attorney ("pro se" parties) and claims from a state-licensed attorney. Local rule 8.1 violates Amendment XIV as it single-handedly violates a person's right to equal protection under the law.

"Congress does not have the power to pass laws that override the Constitution, such as by expanding the scope of the Supreme Court's original jurisdiction." See *Marbury v. Madison*, 5 U.S. 137 (1803). This Court undermines the scope of the Supreme Court's original jurisdiction by enforcing the unconstitutional Local Rule 8.1.

Local Rule 8.1 is an encroachment on the Constitution of the United States, our republic, our life, our liberty, and the pursuit of happiness. Magistrate Judge Gurley's Order and Local Rule 8.1 trample upon the constitutional rights of litigants, without an attorney, by usurping the power of an impartial jury to decide the merits of a case.

This court is using Local Rule 8.1 as a means to discriminate against plaintiff for bringing suit against Defendant CSU. It appears that this court is acting in collusion with Defendant CSU to conspire against plaintiff's rights, titles, and interests, as equity security holder of in her CSU Account Number ******0583.

After plaintiff filed her suit against Defendant CSU in October 2024, this court devised a scheme to deprive plaintiff of her constitutional rights through adopting unconstitutional local rules, not ratified by congress. The overt action of this court in giving this frivolous order and attempting to deprive the people of their constitutional rights is in direct conflict with the Constitution of these United States.

This court also violated plaintiffs right for summons to issue, pursuant to Local Rule 8.1. This court refused to issue a summons and stated that plaintiff's complaint must be reviewed before a summons issues. This court acted in direct opposition to the U.S. Constitution and denied plaintiff due process of law, while using Local Rule 8.1 as a means to commit criminal acts against plaintiff and the people of this state. Plaintiff is aggrieved by the overt actions of this

court. The actors of this court swore an oath to support the Constitution of the United States.

These bad actors defiled their ministerial duties and desecrated the integrity of the judiciary.

28 U.S. Code § 453 states that,

> Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God."

Local Rule 8.1 causes a judge to break his oath to "administer justice without respect to persons, and do equal right to the poor and to the rich…" because Local Rule 8.1 gives preference to litigants represented by state-licensed attorneys over litigants without a state-licensed attorney. Local Rule 8.1 does not make the stipulation for pleadings from lawyers to be reviewed. Only pleadings from "pro se" litigants are reviewed.

United States district judges take an oath to administer justice to the poor and the rich; therefore, this Court's review of pleadings for an *in forma pauperis* party and prisoners, to determine if they should be dismissed summarily, is contrary to the United States Constitution.

State-licensed attorneys are not required to fill in the court-approved forms for complaints therefore the order for plaintiff to fill in the court-approved form for complaints shows patterns and practices of discrimination against litigants without state-licensed attorneys.

Local Rule 8.1 shows partiality and discrimination towards plaintiff because she is a litigant without a state-licensed attorney—this is deemed a matter of public importance. This point ties back into the unconstitutionality of Local Rule 8.1 because it violates plaintiff's 14th Amendment right of equal protection under the law.

Since Local Rule 8.1 protects only litigants represented by state-licensed attorneys, it is in direct conflict with the United States Constitution and the Code of Conduct for United States

Judges, Canon 1, Canon 2, and Canon 3. See Exhibit 23: Web Copy of the Code of Conduct for United States Judges, Canon 1, Canon 2, and Canon 3. The act of showing favoritism to state-licensed attorneys is a blatant disregard and stealthy encroachment against the people's Constitutional rights.

**IV. Why did the court go against equity and good conscience, against common sense, and against the U.S. Constitution, to apply Local Rule 8.1?**

Plaintiff alleges that the primary purpose of Local Rule 8.1 is to deprive litigants, without an attorney, of their life, equity, liberties and pursuit of happiness, contrary to the United States Constitution.

This Court is wielding Local Rule 8.1 as if it is the law of the land, and as a means or excuse to discriminate against plaintiff and dismiss plaintiff's claims with total disregard to her constitutional right to due process of law.

When plaintiff's first case is thoroughly investigated, one will immediately notice that this Court acted outside the scope of its authority to deprive plaintiff of her constitutional right of due process of law. This Court shows a pattern and practice of discrimination of willfully, knowingly, and intentionally denying litigants' constitutional right of due process, contrary to a republican form of government.

Plaintiff alleges that this Court conspired to deny plaintiff of her constitutional right of due process in order to shield Defendant CSU from suit; shield Defendant from service of process; shield Defendant from giving an answer; shield Defendant from having to produce a FRCP Rule 7.1 Disclosure Statement at its first appearance; shield Defendant from discovery; and shield Defendant from a constitutional trial by jury.

This Court instituted Local Rule 8.1 in order to shield the "rich" Defendants (corporators) from "pro se" parties' claims against them. Local Rule 8.1 allows this Court to retaliate against certain litigants and to choose which litigants to systematically discriminate against, through the court's subjective review of litigant's pleadings.

Under threat, duress, and coercion, plaintiff plans on filing the "court-approved" complaint form because this Court has shown a pattern and practice of discrimination towards "pro se" litigants, and this Court is looking to dismiss plaintiff's claims at the earliest possible opportunity, just as in plaintiff's first case. Plaintiff alleges that this Court made haste to dismiss her first case in order to use the new Local Rule 8.1 as a sword against her and deprive plaintiff of her constitutional right to due process of law.

The court form for complaint deprives plaintiff of her First Amendment rights by stating that, "Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint." See Exhibit 24: Court-approved Complaint Form (blank).

The court-approved Complaint extinguishes litigants constitutional right to a trial by jury, which shall not be infringed. The court-approved complaint unlawfully converts "pro se" litigants' constitutional right of a "trial by jury" to a privilege titled "Jury Trial".[5] Plaintiff refuses to waive her constitutional right to a trial by jury.

**V. The court is falsifying records that need correcting.**

On the evening of 01/14/2025, plaintiff electronically filed five pleadings: (1) Notice of Related Cases, (2) Notice of Application for Temporary Injunction or in the Alternative an Interlocutory Injunction, (3) Application for a Temporary Injunction or in the Alternative an

---

[5] See Exhibit 24: Court-approved Complaint Form (blank)

Interlocutory Injunction and Affidavit in Support of Motion for a Temporary Injunction or in the Alternative an Interlocutory Injunction, (4) Notice of Misjoinder, and (5) Notice of Misjoinder (corrected filing), in that order.

This Court erred by falsifying the record and filing plaintiff's five pleadings in the incorrect order. This Court also erred by filing Magistrate Judge's Order Directing Plaintiff to Cure Deficiencies on 01/15/2025 before filing plaintiff's five pleadings. The Court's mistake creates the false appearance that Magistrate Judge's order was filed before plaintiff's five pleadings, when in fact, the plaintiff's five pleadings preceded Magistrate Judge Gurley's Order.

On 01/15/2025, at 11:58 AM, the plaintiff also filed her Notice of Lis Pendens in person, with the Clerk of Court. On 01/15/2025, at 11:47 PM, after delivering her Notice of Lis Pendens to the Defendant, the plaintiff electronically filed the Notice of Lis Pendens again, in this Court. However, the Court's record only shows that the plaintiff's Notice of Lis Pendens was filed once, on 01/16/2025. The inconsistencies in the Clerk of Court's record-keeping is detrimental to plaintiff's procedural and substantive rights.

It appears that the Clerk of Court is falsifying[6] the court record and colluding with the judge to deprive plaintiff of her constitutional rights under color of law. Plaintiff alleges that the clerk's willful errors were made solely to deprive plaintiff of her constitutional right of due process and secondarily for discrimination, because the court wrongfully classifies the plaintiff as "pro se".

## VI. The term "pro se" is unconstitutional and used for revenue generation purposes only.

---

[6] In the first case, plaintiff filed several pleadings showing the willful mistakes the Clerk of Court made on the record. The Court failed to rectify these mistakes.

When filing a case in the United States district courts, one of the first questions the deputy clerks ask is, "Are you filing "pro se", without an attorney?" Their question equates "pro se" to those filing without a state-licensed attorney. The label "pro se" is unconstitutional. The term "pro se" is not mentioned in the Federal Rules of Civil Procedure. The term "pro se" is trademarked.[7] The court is weaponizing the label "pro se" to willfully misclassify litigants without a state-licensed attorney.

The court utilizes the term "pro se" to convert the plaintiff's ownership and interest in Case no. 1:25-cv-00142-RTG and the first case. The court is embezzling the plaintiff's legal and equitable interest in her case(s). The term "pro se" is not in conformity with FRCP or with the U.S. Constitution. Plaintiff avers that the court unlawfully converted plaintiff's rights, titles, and interests to sell her case(s) without recourse, thus committing the act of non-notification of accounts receivables. This court failed to notify plaintiff that her account was sold without recourse to the Colorado State Treasurer and/or third party purchasers for value.

"Pro se" is attached to a private account, hidden from the public, to embezzle the interests of Americans, without state-licensed attorneys. Plaintiff alleges that the term "pro se" is owned by the U.S. District Courts, which creates a lien on the plaintiff's property (court case number) for services rendered. As long as that lien exists, the courts will systematically rule in favor of corporate Defendants over "pro se" plaintiffs.

Until recently, the term "plaintiff" was trademarked in order to deprive people of their rights, titles, and interests, as well. Plaintiff challenges the court's use of the word "pro se" and objects wholeheartedly to being classified as "pro se". The term "pro se" is a deprivation of rights under color of law within itself. Plaintiff alleges a criminal conspiracy to violate her rights

---

[7] See Exhibit 25: Web copy of Pro se trademark

systematically. "Pro se" is used to systematically discriminate against Americans without state-licensed attorneys.

This Court's collective actions of willfully depriving Americans of their constitutional rights, shows a pattern and practice of warring against the American people for the purpose of revenue generation only. The Court's actions are contrary to the Declaration of Independence and the U.S. Constitution.

## VII. Plaintiff challenges the court's order and Local Rule 8.1.

In conclusion, plaintiff reserves her God-given rights and rights protected under the U.S. Constitution. Due to the foregoing, plaintiff challenges the Order of Magistrate Judge Gurley. The order is inconsistent with due process of law and Magistrate Judge Gurley lacked authority to issue the order. This Court is acting in clear absence of all jurisdiction, and acting outside the scope of its authority, to deprive plaintiff's constitutional rights, while acting in collusion to protect the Defendant from liability.

With all due respect, giving the foregoing, plaintiff challenges the Order of Magistrate Judge Gurley and Local Rule 8.1 for encroachments on plaintiff's constitutional rights. Plaintiff alleges that this Court is discriminating against her based on her race, national origin, ethnicity, complexion, age, or sex. This Court is exhibiting the same pattern and practice of abuse outlined in the Declaration of Independence, which is detrimental to the welfare of a free people.

Plaintiff has attached a Notice of Constitutional Questions pursuant to F.R.C.P. Rule 5.1. This Court is required to send confirmation of plaintiff's Notice of Constitutional Questions to the Colorado Attorney General for final determination. In the event that the Clerk of Court fails to notify the Colorado Attorney General of plaintiff's Notice of Constitutional Questions, the plaintiff is notifying the Colorado Attorney General of her attached Notice.

## VIII. Binding of Judges and Clerk of Court

We, Plaintiff ROBINSON, CHIRISTINE A. and .robinson, :christine-allison-diane: bind U.S. District Judge Lewis T. Babcock, Magistrate Judge Richard T. Gurley, and Clerk of Court Jeffrey Colwell, (collectively "you" or "your") and your agents or assigns, by the Constitution of the United States, your oaths made under said U.S. Constitution, and by Article VI Clause 2 of the Constitution of the United States. We charge you to perform your ministerial duties and prevent the deprivation of plaintiff's constitutional rights, so help you God.

## IX. Relief Sought

Plaintiff reinstates and reserves all relief previously sought and additionally seeks the following relief:

1. Stay all proceedings until the FRCP Rule 5.1 Constitutional Question is answered by the Colorado Attorney General.

2. Correct the mistakes in the Civil Docket as previously requested.

3. Issue the summons so the plaintiff can serve the Defendant CSU[8].

4. Compel the Defendant to submit a FRCP Rule 7.1 Disclosure Statement upon their first appearance.

5. Follow the FRCP, and refrain from using Local Rules as a means to trample upon plaintiff's rights.

6. Conduct a scheduling conference and allow the defendant to answer in accordance with the FRCP.

7. Give plaintiff equal protection under the law, and refrain from showing favoritism to litigants with state-licensed attorneys.

---

[8] See ECF No. 7 or 8 for Notice of Misjoinder. Plaintiff voluntarily dismissed the City of Colorado Springs. Plaintiff is in need of only one summons for Colorado Springs Utilities.

Date: 01/27/2025

/s/ .robinson, :christine-allison-diane:, heir and
Representative for CHRISTINE A. ROBINSON
6465 Barrel Race Drive
Colorado Springs, Colorado 80923
Phone: (314) 891-2646
Email: christine1robinson1@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
## DENVER DIVISION

| | | |
|---|---|---|
| ROBINSON, CHRISTINE A, Equitable Legal and Equitable Owner, | § § § | Civil Action No: |
| | § | 1:25-cv-00142-RTG |
| Plaintiff, | § § | |
| v. | § § | **NON-NEGOTIABLE** SPECIAL DEPOSIT |
| COLORADO SPRINGS UTILITIES, an enterprise of City of Colorado Springs, | § § § | Trial by Jury demanded. Speedy trial demanded. |
| Defendant. | § § § | Injunctive relief is demanded. |

---

### NOTICE OF FILING EXHIBITS 22-25

---

Exhibit 22: Online copy of USDC District of Colorado PROPOSED REVISIONS FOR THE 2024 LOCAL RULES CYCLE

Exhibit 23: Web Copy of the Code of Conduct for United States Judges, Canon 1, Canon 2, and Canon 3

Exhibit 24: Court-approved Complaint Form (blank)

Exhibit 25: Web copy of Pro se trademark

Date: <u>01/27/2025</u>

/s/ .robinson, :christine-allison-diane:, heir and
Representative for CHRISTINE A. ROBINSON
6465 Barrel Race Drive
Colorado Springs, Colorado 80923
Phone: (314) 891-2646
Email: christine1robinson1@gmail.com

## CERTIFICATE OF SERVICE

On this 27th day of January 2025, i .robinson, :christine-allison-diane: certify that the foregoing Plaintiff's Objection To Order Directing Plaintiff To Cure Deficiencies (ECF No. 3), Notice of Filing Exhibits 22-25, and Exhibits 22-25 were served electronically to Clerk of Court, in THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO, 901 Nineteenth Street, Denver, Colorado 80294, via Email: COD_ProSe_Filing@cod.uscourts.gov and served to the following:

Colorado Attorney General, Phil Weiser
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, Colorado 80203
Attn: Notice of Constitutional Question
Tel: (720) 508-6000

U.S. Registered Mail RE 588 665 117 US
Return Receipt 9590 9402 3823 8032 9641 63
Electronic Complaint

CC:    James R. McHenry III, U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, District of Columbia 20530

U.S. Certified Mail 7020 1810 0000 7601 8212
Return Receipt 9590 9402 3823 8032 9641 56

/s/ .robinson, :christine-allison-diane:

Exhibit 22

Section I – Civil Rules

Comment 2024-1
D.C.COLO.LCivR 8.1
In Forma Pauperis Party and Prisoner Pleadings

Submitted by magistrate judge. Suggestion to extend initial review to cases wherein a pro se party pays a filing fee.

| Existing rule | Proposed revision | Final w/ revision |
|---|---|---|
| **(a) Review of In Forma Pauperis Party Pleadings.** A judicial officer designated by the Chief Judge shall review the pleadings of a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. A judicial officer may request additional facts or documentary evidence necessary to make this determination. A party who seeks leave to proceed without prepayment of filing fees shall use the procedures, forms, and instructions available on the court's website or from the office of the clerk. | **(a) Review of Pro Se and In Forma Pauperis Party Pleadings.** A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. The designated judicial officer may use the assistance of the Pro Se Division in making the determination. A judicial officer may request additional facts or documentary evidence necessary to make this determination. The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial officer shall issue an order directing service of the order and the pleadings on the defendant(s) or respondent(s). A party who seeks leave to proceed without prepayment of filing fees shall use the procedures, forms, and instructions available on the court's website or from the office of the clerk. | **(a) Review of Pro Se and In Forma Pauperis Party Pleadings.** A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. The designated judicial officer may use the assistance of the Pro Se Division in making the determination. A judicial officer may request additional facts or documentary evidence necessary to make this determination. The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial officer shall issue an order directing service of the order and the pleadings on the defendant(s) or respondent(s). A party who seeks leave to proceed without prepayment of filing fees shall use the procedures, forms, and instructions available on the court's website or from the office of the clerk. |

The Judicial Conference has authorized its Committee on Codes of Conduct to render advisory opinions about this Code only when requested by a judge to whom this Code applies. Requests for opinions and other questions concerning this Code and its applicability should be addressed to the Chair of the Committee on Codes of Conduct by email or as follows:

*Exhibit 23*

Chair, Committee on Codes of Conduct
c/o General Counsel
Administrative Office of the United States Courts
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Washington, D.C. 20544
202-502-1100

Procedural questions may be addressed to:

Office of the General Counsel
Administrative Office of the United States Courts
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Washington, D.C. 20544
202-502-1100

## Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary

An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

COMMENTARY

Deference to the judgments and rulings of courts depends on public confidence in the integrity and independence of judges. The integrity and independence of judges depend in turn on their acting without fear or favor. Although judges should be independent, they must comply with the law and should comply with this Code. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law.

The Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant

circumstances. The Code is to be construed so it does not impinge on the essential
independence of judges in making judicial decisions.

*Exhibit 23*

The Code is designed to provide guidance to judges and nominees for judicial office. It may also
provide standards of conduct for application in proceedings under the Judicial Councils Reform
and Judicial Conduct and Disability Act of 1980 (28 U.S.C. §§ 332(d)(1), 351-364). Not every
violation of the Code should lead to disciplinary action. Whether disciplinary action is
appropriate, and the degree of discipline, should be determined through a reasonable
application of the text and should depend on such factors as the seriousness of the improper
activity, the intent of the judge, whether there is a pattern of improper activity, and the effect of
the improper activity on others or on the judicial system. Many of the restrictions in the Code are
necessarily cast in general terms, and judges may reasonably differ in their interpretation.
Furthermore, the Code is not designed or intended as a basis for civil liability or criminal
prosecution. Finally, the Code is not intended to be used for tactical advantage.

## Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities

(A) *Respect for Law*. A judge should respect and comply with the law and should act at all times
in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

(B) *Outside Influence*. A judge should not allow family, social, political, financial, or other
relationships to influence judicial conduct or judgment. A judge should neither lend the prestige
of the judicial office to advance the private interests of the judge or others nor convey or permit
others to convey the impression that they are in a special position to influence the judge. A judge
should not testify voluntarily as a character witness.

(C) *Nondiscriminatory Membership*. A judge should not hold membership in any organization that
practices invidious discrimination on the basis of race, sex, religion, or national origin.

COMMENTARY

**Canon 2A.** An appearance of impropriety occurs when reasonable minds, with knowledge of all
the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's
honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public
confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including
harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and
appearance of impropriety. This prohibition applies to both professional and personal conduct.
A judge must expect to be the subject of constant public scrutiny and accept freely and willingly
restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not

practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

*Exhibit 23*

**Canon 2B.** Testimony as a character witness injects the prestige of the judicial office into the proceeding in which the judge testifies and may be perceived as an official testimonial. A judge should discourage a party from requiring the judge to testify as a character witness except in unusual circumstances when the demands of justice require. This Canon does not create a privilege against testifying in response to an official summons.

A judge should avoid lending the prestige of judicial office to advance the private interests of the judge or others. For example, a judge should not use the judge's judicial position or title to gain advantage in litigation involving a friend or a member of the judge's family. In contracts for publication of a judge's writings, a judge should retain control over the advertising to avoid exploitation of the judge's office.

A judge should be sensitive to possible abuse of the prestige of office. A judge should not initiate communications to a sentencing judge or a probation or corrections officer but may provide information to such persons in response to a formal request. Judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees seeking names for consideration and by responding to official inquiries concerning a person being considered for a judgeship.

**Canon 2C.** Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired. Canon 2C refers to the current practices of the organization. Whether an organization practices invidious discrimination is often a complex question to which judges should be sensitive. The answer cannot be determined from a mere examination of an organization's current membership rolls but rather depends on how the organization selects members and other relevant factors, such as that the organization is dedicated to the preservation of religious, ethnic or cultural values of legitimate common interest to its members, or that it is in fact and effect an intimate, purely private organization whose membership limitations could not be constitutionally prohibited. See New York State Club Ass'n. Inc. v. City of New York, 487 U.S. 1, 108 S. Ct. 2225, 101 L. Ed. 2d 1 (1988); Board of Directors of Rotary International v. Rotary Club of Duarte, 481 U.S. 537, 107 S. Ct. 1940, 95 L. Ed. 2d 474 (1987); Roberts v. United States Jaycees, 468 U.S. 609, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984). Other relevant factors include the size and nature of the organization and the diversity of persons in the locale who might reasonably be considered potential members. Thus the mere absence of diverse membership does not by itself demonstrate a violation unless reasonable

persons with knowledge of all the relevant circumstances would expect that the membership would be diverse in the absence of invidious discrimination. Absent such factors, an organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, religion, sex, or national origin persons who would otherwise be admitted to membership.

*Exhibit 23*

Although Canon 2C relates only to membership in organizations that invidiously discriminate on the basis of race, sex, religion or national origin, a judge's membership in an organization that engages in any invidiously discriminatory membership practices prohibited by applicable law violates Canons 2 and 2A and gives the appearance of impropriety. In addition, it would be a violation of Canons 2 and 2A for a judge to arrange a meeting at a club that the judge knows practices invidious discrimination on the basis of race, sex, religion, or national origin in its membership or other policies, or for the judge to use such a club regularly. Moreover, public manifestation by a judge of the judge's knowing approval of invidious discrimination on any basis gives the appearance of impropriety under Canon 2 and diminishes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A.

When a judge determines that an organization to which the judge belongs engages in invidious discrimination that would preclude membership under Canon 2C or under Canons 2 and 2A, the judge is permitted, in lieu of resigning, to make immediate and continuous efforts to have the organization discontinue its invidiously discriminatory practices. If the organization fails to discontinue its invidiously discriminatory practices as promptly as possible (and in all events within two years of the judge's first learning of the practices), the judge should resign immediately from the organization.

## Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently

The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased. The judge should adhere to the following standards:

(A) *Adjudicative Responsibilities*.

(1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

(2) A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.

(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require

similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.

*Exhibit 23*

(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. A judge may:

(a) initiate, permit, or consider ex parte communications as authorized by law;

(b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;

(c) obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received; or

(d) with the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

(5) A judge should dispose promptly of the business of the court.

(6) A judge should not make public comment on the merits of a matter pending or impending in any court. A judge should require similar restraint by court personnel subject to the judge's direction and control. The prohibition on public comment on the merits does not extend to public statements made in the course of the judge's official duties, to explanations of court procedures, or to scholarly presentations made for purposes of legal education.

(B) *Administrative Responsibilities.*

(1) A judge should diligently discharge administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court personnel.

Exhibit 24

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

_____, Plaintiff

v.

**Jury Trial requested:**
(please check one)
___ Yes ___ No

_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

*Exhibit 24*

**A.    PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be
served by filing a notice of change of address. Failure to keep a current address on file with the
court may result in dismissal of your case.*

_____

(Name and complete mailing address)

_____

(Telephone number and e-mail address)

**B.    DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If
more space is needed, use extra paper to provide the information requested. The additional
pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    _____
                (Name and complete mailing address)

                _____
                (Telephone number and e-mail address if known)

Defendant 2:    _____
                (Name and complete mailing address)

                _____
                (Telephone number and e-mail address if known)

Defendant 3:    _____
                (Name and complete mailing address)

                _____
                (Telephone number and e-mail address if known)

Defendant 4:    _____
                (Name and complete mailing address)

                _____
                (Telephone number and e-mail address if known)

*Exhibit 24*

**C.    JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_____    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

_____

_____

_____    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

For assistance with TSDR, email teas@uspto.gov and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

*Exhibit 25*

STATUS    DOCUMENTS    MAINTENANCE                                    Back to Search    |    Print

# Pro Se

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2025-01-27 01:38:34 EST |
| **Mark:** | PRO SE |

| | | | |
|---|---|---|---|
| **US Serial Number:** | 88477053 | **Application Filing Date:** | Jun. 17, 2019 |
| **US Registration Number:** | 6191769 | **Registration Date:** | Nov. 03, 2020 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Supplemental | | |
| **Mark Type:** | Trademark | | |
| **TM5 Common Status Descriptor:** | LIVE/REGISTRATION/Issued and Active  The trademark application has been registered with the Office. | | |
| **Amended to Principal Register:** | No | **Date Amended to Current Register:** | Sep. 05, 2020 |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Nov. 03, 2020 | | |

**Mark Information**

**Goods and Services**

**Basis Information (Case Level)**

**Current Owner(s) Information**

**Attorney/Correspondence Information**

**Prosecution History**

**TM Staff and Location Information**

**Assignment Abstract Of Title Information - Click to Load**

**Proceedings - Click to Load**

Feedback