IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00142-LTB-RTG

CHRISTINE A. ROBINSON,

    Plaintiff,

v.

COLORADO SPRINGS UTILITIES,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the amended Complaint (ECF No. 19) filed *pro se* by Plaintiff Christine A. Robinson.[1] Because Ms. Robinson proceeds *pro se*, the Court liberally construes her filings, but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The matter has been referred to this Court for recommendation. (ECF No. 25).

The Court has reviewed the filings to date, considered the entire case file,

---

[1] Ms. Robinson's amended Complaint filed on February 13, 2025 is the operative pleading in this matter. The pleading, however, improperly incorporates by reference the claims and allegations asserted in Ms. Robinson's earlier-filed pleading titled "Bill of Complaint." (*See* ECF No. 19 at 4, 5; *see also* ECF No. 1). The Court is not required to sort through multiple pleadings to ascertain a litigant's claims or compile the required information from multiple documents. *See* Fed. R. Civ. P. 7(a) (allowing for one operative pleading filed in the pending action); D.C.COLO.LCivR 15.1(b) ("Unless otherwise ordered, the proposed amended or supplemental pleading shall not incorporate by reference any part of the preceding pleading, including exhibits."); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that a court may not construct arguments or search the record for a *pro se* litigant). Nonetheless, the Court will liberally construe the claims and allegations in both documents (ECF Nos. 1 and 19) as though they were properly set forth in a single pleading.

1

analyzed the applicable law, and is advised in the premises. For the following reasons, it is respectfully recommended that the complaint and this action be dismissed without prejudice.

## I.    BACKGROUND

Ms. Robinson lives in Colorado Springs, Colorado. (ECF No. 19 at 2). She brings this case on the heels of another. On January 7, 2025, a similar case filed by Ms. Robinson against Colorado Springs Utilities was dismissed. *See Robinson v. Colo. Springs Util.*, No. 24-cv-02734-CNS-MDB, ECF Nos. 51, 52 (D. Colo. Jan. 7, 2025) ("*Robinson I*"). *Robinson I* was dismissed without prejudice for lack of subject-matter jurisdiction because "Plaintiff's allegations seem to reflect a dispute over utility bills, which at best might be an ordinary breach of contract or bad faith claim arising under state law." *Id.*, ECF No. 51 at 4.

On January 14, 2025, Ms. Robinson initiated this second action by filing a "Bill of Complaint" and paying the required filing fee. (ECF No. 1). Like *Robinson I*, this case involves a dispute over unpaid utility bills. (*See* ECF Nos. 1, 1-1, 1-2). Ms. Robinson asserts "Federal Question jurisdiction pursuant to U.S. Constitution Amendment V, Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 15 U.S.C. § 1692 et seq., 16 C.F.R. 433.2, and Section 5 of the Federal Trade Commission Act." (ECF No. 1 at 2; ECF No. 19 at 3)).

The allegations assert that Ms. Robinson is not responsible for paying the disputed utility bills based on various filings made under the Uniform Commercial Code.

(*See, e.g.*, ECF No. 1 at 6 ("Doc. 3 also gives 'NOTICE OF LIABILITY: UCC § 8-507 (b)[']"); ECF No. 1-2 at 20 ("Account Number 9752730583 has a CUSIP Identifier, and was therefore sold WITHOUT RECOURSE, which discharged the intended beneficiary CHRISTINE ALLISON DIANE ROBINSON from all financial contractual obligations. See UCC 3-305."); ECF No. 1-2 at 27 (Entitlement Order Pursuant to UCC § 8-507)). She alleges that the defendant "created marketable treasury securities and U.S. savings bonds with Ms. Robinson's name and Social Security Number, without full disclosure to Plaintiff." (*Id.* at 4). Then, defendant, "acting as securities intermediary, sold Account number ******0583 without recourse to the State of Colorado/Colorado State Treasurer and/or to other undisclosed third party purchasers for value." (*Id.* at 11). According to Ms. Robinson, these acts by defendant "shows a pattern of extortion to subject the Plaintiff to peonage or involuntary servitude, in order to force compliance to pay for an account balance that should have been discharged[.]" (*Id.*). Ms. Robinson asserts two claims titled as follows: (1) "Defendant's Unethical Business Practices Violates Due Process," and (2) "Defendant's Unethical Business Practices Violates the United States Constitution and Federal Laws." (*Id.* at 18-20). As relief, Ms. Robinson seeks declaratory relief, an injunction, an accounting of profits related to her account, establishment of a constructive trust, discharge of debt, and damages. (*Id.* at 21-23).

      As will now be discussed, the complaint and this action should be dismissed without prejudice.

## II.  DISCUSSION

A federal court is required to dismiss an action if it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject-matter jurisdiction may be raised *sua sponte* by the court at any time during the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. And though a *pro se* litigant's complaint must be read liberally, a court may not rewrite the pleading to establish its own jurisdiction where the *pro se* litigant has not done so. *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (finding four references to different sources of federal law in *pro se* complaint insufficient to establish subject-matter jurisdiction); *Sac & Fox Nation of Oklahoma v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir. 1999) ("When the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and *that showing is not made by drawing from the pleadings inferences favorable to the party asserting it*.") (emphasis added).

Ms. Robinson invokes the Court's federal-question jurisdiction under 28 U.S.C. § 1331. "Federal-question jurisdiction exists for all claims arising under the Constitution, laws, or treaties of the United States." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231,

1235 (10th Cir. 2003) (quotations and citation omitted). "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* "Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint. . . . Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law." *Id.*

Ms. Robinson's complaint doesn't include a short and plain statement of facts establishing federal-question jurisdiction. To be sure, Ms. Robinson cites various federal and constitutional laws. But none of the referenced grounds for federal-question jurisdiction (summarized below) is supported by well-pled facts to show how the facts of this case apply to each source of federal law:

- Fifth Amendment to the Constitution—no well-pled facts allege that the federal government deprived Ms. Robinson of due process or property;
- Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010—no well-pled facts reveal a claim arising under this law;
- Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)—the complaint includes vague and conclusory allegations that defendant violated the

- FDCPA, but it lacks well-pled *facts* that establish how these federal laws were actually violated;[2]
- Section 5 of the Federal Trade Commission Act and Federal Trade Commission regulation 16 C.F.R. § 433.2—no well-pled facts establish that Ms. Robinson brings a cognizable claim under this federal law and federal regulation.

Thus, the various references to federal laws fail to establish federal-question jurisdiction. *Firstenberg*, 696 F.3d at 1024 (finding four references to different sources of federal law in *pro se* complaint insufficient to establish subject-matter jurisdiction).

Instead of asserting well-pled facts to assert a cause of action arising under federal law, Ms. Robinson asserts sovereign-citizen type arguments and allegations. (*See* ECF No. 1 (citing the Uniform Commercial Code, alleging that she is subject to "peonage," using unusual punctuation in her name and signing "without recourse," and claiming the "creation of treasury securities" from utility accounts)). Such arguments and allegations have no basis in law—they are frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' . . . [t]hese theories should be rejected summarily, however they are presented."); *Mallett v. Munoz*, No. 14-cv-02323-CMA-MJW, 2015 WL 3396660, at *11

---

2 *See, e.g.*, ECF No. 1 at 19 ("COLORADO SPRINGS UTILITIES has willfully, knowingly, unlawfully and with malicious intent violated FDCPA § 1692e, by failing to state they are debt collectors attempting to collect a debt. COLORADO SPRINGS UTILITIES has willfully, knowingly, unlawfully and with malicious intent violated FDCPA § 1692g, by failing to validate debt with a statement signed under penalty of perjury.").

(D. Colo. May 26, 2015) ("Plaintiff's filings are legally frivolous; his reliance on the Uniform Commercial Code, on Moorish American theories, and on 'straw man' or 'sovereign citizen' theories have all been rejected by every court in the land.").

In all, Ms. Robinson does not identify any provision of federal law that provides a private right of action for this lawsuit to be brought in federal court. The claims and allegations do not provide a short and plain statement of the grounds for jurisdiction. *See* Fed. R. Civ. P. 8(a)(a) (requiring a complaint to "contain (1) a short and plain statement of the grounds for the court's jurisdiction"). Moreover, the Court lacks subject-matter jurisdiction over the case because the asserted allegations and legal theories are "wholly insubstantial and frivolous." *Craig v. United States*, 340 F. App'x 471, 473 (10th Cir. 2009) ("Where a complaint seeks recovery directly under the Constitution or the laws of the United States, an exception to subject matter jurisdiction lies when such a claim is 'wholly insubstantial and frivolous.'"). As such, Ms. Robinson fails to affirmatively plead subject-matter jurisdiction, and this case should be dismissed without prejudice.

### III.     RECOMMENDATION

For these reasons, it is respectfully recommended that the amended Complaint (ECF No. 19) and this action be **dismissed without prejudice**.[3] It is further recommended that Ms. Robinson's various objections (ECF Nos. 16, 17, 18) be **overruled as moot**.

DATED February 28, 2025.

BY THE COURT:

_Richard T. Gurley_
Richard T. Gurley
United States Magistrate Judge

---

3 Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).